UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Antonio Lamont Boykin, # 332153, | ) | C/A No. 5:13-2323-MGL-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Joseph McFadden, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

Antonio Lamont Boykin ("Petitioner"), a state prisoner, filed this pro se Petition for Writ
of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28
U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), for a Report and
Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 22, 23.
Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of
the summary judgment and dismissal procedures and the possible consequences if he failed to
respond adequately to Respondent's Motion. ECF No. 24. Petitioner filed a Response in
opposition to Respondent's Motion. ECF No. 28. Respondent did not file a reply to Petitioner's
Response. Having carefully considered the parties' submissions and the record in this case, the
undersigned recommends that Respondent's Motion for Summary Judgment be granted.

I.     Procedural History

Petitioner is currently incarcerated at Lieber Correctional Institution, part of the South
Carolina Department of Corrections prison system. Pet. 1, ECF No. 1. In March 2008, a
Clarendon County Grand Jury indicted Petitioner under two separate indictments on two counts
of first-degree burglary, two counts of first-degree criminal sexual conduct, two counts of

kidnapping, and two counts of possession of a weapon during a violent crime. App. 80-81, 85-86.[1] A jury trial was partially conducted before Judge Howard P. King on one of the indictments between July 28 and August 1, 2008. App. 4. In mid-trial, Petitioner pleaded guilty to all pending charges except the burglary charges, which were dismissed, in return for a forty-year prison term. *Id*. The trial court conducted a detailed plea colloquy with Petitioner on August 2 and 3, 2008. App. 1-29. Petitioner acknowledged that he understood the terms of the negotiated plea deal and that he was "pleading guilty of [his] own free will." App. 16-17. He also stated that he was "satisfied with the manner in which [his trial counsel] . . . advised and represented [him]." App. 17. The trial judge accepted the negotiated plea bargain and sentenced Petitioner accordingly. App. 26-28.

Petitioner did not file a direct appeal. App. 32. He filed a post-conviction relief ("PCR") application on June 22, 2009, App. 31, raising the following points (quoted verbatim):

> Ineffective Assistance of Counsel . . . Involuntary plea . . . denial of 6, 14th Amendment. . . . Counsel failed to do pretrial investigation . . . Counsel's erroneous advice . . . Counsel failed to protect my rights.

App. 33.

The State made a return to the application on or around October 2, 2009. App. 39-45. An evidentiary hearing was held April 28, 2011 in Sumter County before the Honorable W. Jeffery Young. App. 46-71. Scott Robinson, Esq., represented Petitioner in the action. Assistant Attorney General Mary S. Williams represented the State. App. 48. Petitioner and his trial counsel, Attorney Deborah Butcher, testified at the hearing. App. 47. In his PCR testimony, Petitioner stated that his guilty plea was involuntary because he was coerced to enter the plea when the trial

---

[1] Citations to "App." refer to the appendix of the record that was before the PCR court. It is on the docket of this case at ECF No. 23-1.

did not appear to be going in his favor, he felt trial counsel was not willing to fight for him and she told him that he could receive a life sentence if he did not take the plea bargain. App. 53-54. He also testified that trial counsel was ineffective because she did not hire an investigator to assist in his defense and because she did not inform him of the contents of two pages of a medical report that were not included in the set of discovery material that Petitioner received. App. 59-61. Finally, when the PCR judge asked if he had any further claims, Petitioner vaguely raised the issue of the PCR judge's denial of a previously requested continuance to allow Petitioner to obtain a transcript from the partial trial, which Petitioner and his PCR counsel had argued was needed to support Petitioner's assertions that his trial counsel's ineffectiveness coerced him into the entering the plea bargain that resulted in the forty-year sentence he is currently serving. App. 61-62.[2] Petitioner's PCR counsel stated in his follow-up question that the transcript point was "preserved," and then concluded his questioning. App. 62. The State's PCR counsel cross examined Petitioner about lack of truthfulness in his responses to the trial judge's questions during the plea colloquy. App. 62-64. Petitioner's general responses to the cross examination were that he was not truthful during the plea colloquy because his trial counsel told him to go through with the plea bargain and that is what he thought he should do to get the judge to approve the plea. *Id.*

Petitioner's trial counsel testified that the State had "overwhelming" evidence against Petitioner. She said that she told him about the evidence against him in connection with her initial presentation of the proposed plea bargain, but that he chose to go to trial without providing an

---

[2] The PCR judge denied Petitioner's pre-hearing motion for a continuance because he determined that the State was not going to pay for a transcript of the trial that was terminated by the guilty plea, and, apparently, because no financial arrangements had been made for Petitioner or some other agency to pay for it. App. 50-51. The judge also indicated that he did not see the relevance

alibi or other defense to the charges. App. 65-68. Trial counsel also testified that she did not recall

Petitioner asking her to hire an investigator. She stated that, even if he had asked for an

investigator, she probably would not have hired one because Petitioner had not given her any

facts supporting any defense to the charges that needed to be investigated. App. 69.

On September 18, 2011, the PCR court issued an order dismissing Petitioner's PCR

application. App. 72-79. The PCR court issued the following findings of fact and conclusions of

law:

> This Court has had the opportunity to review the record in its entirety and has
> heard the testimony at the post-conviction relief hearing. This Court has further
> had the opportunity to observe the witnesses presented at the hearing, closely pass
> upon their credibility and weigh their testimony accordingly. Set forth below are
> the relevant findings of facts and conclusions of law as required pursuant to S.C.
> Code Ann. § 17-27-80 (1985).

### Ineffective Assistance of Counsel

> The Applicant has alleged ineffective assistance of counsel as a ground for relief in
> his application. In a post-conviction relief action, the Applicant has the burden of
> proving the allegations in the application. Rule 71.l(e), SCRCP; Butler v. State,
> 286 S.C. 441, 334 S.E.2d 813 (1985). Where ineffective assistance of counsel is
> alleged as a ground for relief, the Applicant must prove that "counsel's conduct so
> undermined the proper functioning of the adversarial process that the trial cannot
> be relied upon as having produced a just result." Strickland v. Washington. 466
> U.S. 668, 104 S. Ct. 2052, 2064, 80 L.Ed.2d 674, 692 (1984);Butler, 286 S.C. 441,
> 334 S.E.2d 813 (1985).

> The proper measure of performance is whether the attorney provided
> representation within the range of competence required in criminal cases. Courts
> presume that counsel rendered adequate assistance and made all significant
> decisions in the exercise of reasonable professional judgment. Butler, 286 S.C.
> 441, 334 S.E.2d 813 (1985). The Applicant must overcome this presumption to
> receive relief. Cherry v. State, 300 S.C. 115, 386 S.E.2d 624 (1989).Courts use a
> two-pronged test in evaluating allegations of ineffective assistance of counsel.
> First, the Applicant must prove that counsel's performance was deficient. Under
> this prong, attorney performance is measured by its "reasonableness under
> professional norms," Cherry, 300 S.C. at 117, 385 S.E.2d at 625 (citing

---

or need for the trial transcript because Petitioner pleaded guilty. App. 51.

<u>Strickland</u>). Second, counsel's deficient performance must have prejudiced the Applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Cherry</u>, 300 S.C. at 117-18, 386 S.E.2d at 625.With respect to guilty plea counsel, the Applicant must show that there is a reasonable probability that, but for counsel's alleged errors', he would not have pled guilty and would have insisted on going to trial. <u>Hill v. Lockhart</u>. 474 U.S. 52, 106 S. Ct. 366, 88 L.Ed.2d 203 (1985).

In PCR cases, a defendant asserting a constitutional violation must frame the issue as one of ineffective assistance of counsel. <u>Al-Shabazz v. State</u>, 338 S.C. 354, 527 S.E.2d 742 (1999). A defendant who pleads guilty on the advice of counsel may collaterally attack the plea only by showing that (1) counsel was ineffective and (2) there is a reasonable probability that but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial. <u>Roscoe v. State</u>, 345 S.C. 16, 546 S.E.2d 417 (2001). A defendant alleging that his guilty plea was induced by ineffective assistance of counsel must prove that counsel's advice was not within the competence demanded of attorneys in criminal cases. <u>Hill v. Lockhart</u>, 474 U.S. 52, 56, 106 S. Ct. 366, 369 (1985). A guilty plea is a solemn, judicial admission of truth of the charges against the defendant. Statements made during the plea should be considered conclusive unless the defendant presents reasons why he should be allowed to depart from the truth of those statements. <u>Crawford v. U.S.</u>, 519 F.2d 347 (4th Cir. 1975); <u>Edmonds v. Lewis</u>, 546 F.2d 566 (4th Cir. 1976).

*Ineffective Assistance of Counsel*

The allegations made in the application and at the hearing all boil down to a claim of ineffective assistance of counsel. Applicant has alleged that his plea was not entered voluntarily and knowingly as counsel gave him erroneous advice concerning his plea. As stated above, an Applicant in PCR that pleads guilty on counsel's advice may only collaterally attack the voluntary and knowing nature of his guilty plea by showing (1) counsel was ineffective and (2) there is a reasonable probability that but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial. <u>Roscoe</u>, supra. Therefore, this allegation is essentially a claim of ineffective assistance of counsel that rendered a guilty plea involuntary. Applicant has also alleged counsel failed to properly investigate his case and all evidence associated with it. At the PCR hearing, Applicant testified that he had concerns about counsel's willingness to "fight for him" to the best of her abilities at trial and felt "backed into a corner" because counsel advised him that he could take a forty year plea or go to trial and get a life sentence. Applicant went on to state that he met with counsel between five (5) and ten (10) times, during which counsel advised Applicant to consider taking a plea for forty years to avoid getting a life sentence. Applicant said that because of this fear instilled by counsel over receiving a life sentence, he decided to enter the plea. Applicant then

said that during the plea hearing, he answered the questions only as counsel had advised him to in order to make his guilt seem "convincing" so the plea judge would accept the plea. Applicant said there were some things he asked counsel to do as part of her investigation into his case which she failed to do, including failing to review the discovery file with him despite her having it during their meetings. Counsel started her testimony by stating that her representation of Applicant was based on the fact that there was overwhelming evidence of Applicant's guilt in this case. In addition to surveillance video from Wal-Mart showing Applicant following the victim, there was evidence found in Applicant's car linking him to the crime and victim positively identified Applicant as the perpetrator in this crime. Counsel testified Applicant was very reluctant to discuss his case with her to begin to develop defenses, but that she did review the entirety of the discovery file with Applicant several times during the course of her representation. Counsel finished by stating that it was ultimately Applicant's decision whether to enter the plea, but that in this case he chose to do so as it was his best option considering the overwhelming evidence of Applicant's guilt.

This Court finds Counsel's testimony to be credible. Conversely, I find Applicant's testimony to not be credible. Counsel advised Applicant of all relevant issues regarding the charges he was facing, including the facts giving rise to the charges, the indictments, the elements of the offenses, potential sentences he was facing and the state's evidence against Applicant. Additionally, counsel gave Applicant all the information and advice to make an intelligent and voluntary decision on whether to enter this plea. Applicant's fear of the potential sentences he was facing at trial as communicated by counsel is not tantamount to counsel threatening or coercing Applicant to enter a guilty plea. Based on the facts above, I find that Applicant did not prove by a preponderance of the evidence that counsel was ineffective in his representation. Further, I find that Applicant's guilty plea was entered knowingly and voluntarily after being fully and adequately advised by competent counsel acting within the range of competence demanded of attorneys in criminal cases.

As discussed above, the Applicant has failed to carry his burden in this action. Therefore, this Court finds that the application must be denied and dismissed in its entirety.

App. 74-79.

A petition for writ of certiorari seeking review of the PCR court's final judgment was submitted on Petitioner's behalf to the South Carolina Supreme Court on or about March 22, 2013. ECF No. 23-2. South Carolina Appellate Defender Breen Richard Stevens filed the petition

as a "*Johnson* Petition" and requested to be relieved as counsel for Petitioner.[3] *Id*. at 14. The

petition for writ of certiorari raised the following two issues quoted verbatim:

> The PCR court erred by denying PCR counsel's motion for a continuance in order
> to obtain a copy of Petitioner's trial transcript where Petitioner pled guilty during
> jury deliberations, and where PCR counsel asserted that Petitioner felt pressured to
> plead guilty due to plea counsel's performance during trial.
>
> Petitioner's guilty plea was not knowingly, intelligently, and voluntarily made
> where he pled guilty due to Counsel's coercive advice that Petitioner could receive
> life without parole if he did not plead guilty.

*Id*. at 2.

On March 25, 2013, the South Carolina Supreme Court informed Petitioner of the filing of

the *Johnson* petition and told him that he could submit a pro se response to the petition. ECF No.

23-3. Petitioner did not submit a pro se response and the Supreme Court denied the petition for

writ of certiorari on July 11, 2013. ECF No. 23-4. The appellate remittitur issued on July 31,

2013. ECF No. 23-5.[4]

II.    Discussion

A.    Federal Habeas Issues

Petitioner raises the following issues in his federal Petition for a Writ of Habeas Corpus,

quoted verbatim:

Ground One: Due Process Violation

Supporting facts: As an indigent defendant, the state of South Carolina failed to
provide me with the trial transcript necessary to challenging my conviction.
          . . . .
Ground Two: Violation of Equal Protection

---

[3] *See Johnson v. State*, 364 S.E.2d 201 (1988) (appointed appellate counsel may move to
withdraw from representation after certifying a belief that the petition or appeal counsel filed is
without merit).

[4] Shortly after the petition for writ of certiorari was denied by the state Supreme Court, Petitioner
submitted a second PCR application to the Clarendon County court. ECF No. 23-6. That
application was denied as successive and untimely on February 11, 2014. ECF No. 23-9.

> Supporting facts: As an indigent defendant, the state of South Carolina failed to provide me with the trial transcript necessary to challenging my conviction.
> . . . .
> Ground Three: Ineffective Assistant [sic] of Trial counsel
> Supporting facts: Trial counsel was ineffective in coercen [sic] me to plead guilty.
> . . . .
> Ground Four: Ineffective Assistance of PCR counsel
> Supporting facts: PCR counsel was ineffective for failing to raise meritorious claims of ineffective assistance of trial counsel that I informed him about.

Pet. 5-10, ECF No. 1.

### B.    Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"; or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry

of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319, 322 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

C.    Habeas Corpus Standard of Review

1.    Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.

a.    Deference to State Court Decisions

9

Courts afford deference to state courts' resolutions of the habeas claims of state prisoners. *See Bell v. Cone*, 543 U.S. 447, 455 (2005). Recently, the Supreme Court provided further guidance regarding the deference due to state-court decisions. *Harrington v. Richter*, 562 U.S. 86 (2011); *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). To obtain habeas relief from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at _, 131 S. Ct. at 786-87. "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." 131 S. Ct. at 786. In *Harrington*, the Court further stated: "If this standard is difficult to meet, that is because it was meant to be." *Id.*; *see Richardson v. Branker*, 668 F.3d 128, 137-44 (4th Cir. 2012) (quoting *Harrington* extensively and reversing district court's grant of writ based on his ineffective assistance of counsel claims).

In interpreting § 2254(d)(1) and discussing the federal courts' role in reviewing legal determinations made by state courts, the United States Supreme Court held as follows:

> [A] federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "contrary to . . . [clearly] established Federal law as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."

*Williams v. Taylor*, 529 U.S. 362, 404-05 (2000) (quoting from § 2254(d)(1)). "Clearly established Federal law in § 2254(d)(1) refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (quoting *Williams*, 529 U.S. at 412). In considering whether a state-court decision is "contrary to" clearly established federal law, the federal court may not

10

grant relief unless the state court arrived at a conclusion opposite to that reached by the Supreme Court on a legal question, the state court decided the case differently than the Court has on facts that are materially indistinguishable, or if the state court "identifie[d] the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applie[d] that principle to the facts of the prisoner's case." *Williams*, 529 U.S. 362, 405-13. The "unreasonable application" portion of § 2254(d)(1) "requires the state court decision to be more than incorrect or erroneous[,]" it "must be objectively unreasonable," which is a higher threshold. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (internal citation omitted).

Section 2254(e)(1) requires the federal court give a presumption of correctness to state-court factual determinations and provides that a petitioner can only rebut such a presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Accordingly, a habeas petitioner is entitled to relief under § 2254(d)(2), only if he can prove, by clear and convincing evidence, that the state court unreasonably determined the facts in light of the evidence presented in state court.

b.     Ineffective Assistance of Counsel

The Sixth Amendment provides a criminal defendant the right to effective assistance of counsel in a criminal trial and first appeal of right. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court announced a two-part test for adjudicating ineffective assistance of counsel claims. First, a petitioner must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Id*. at 687. Second, the petitioner must show that this deficiency prejudiced the defense. *Id*. at 694. The United States Supreme Court's 2011 decisions cited previously elaborate on the interplay between *Strickland* and § 2254, noting the standards are "both highly deferential," and "when the two apply in tandem, review is

11

doubly so." *Harrington*, 562 U.S. at _, 131 S. Ct at 788 (internal quotation marks omitted); *Pinholster*, 131 S. Ct. at 1403.

Further, in *Pinholster*, the Court held for the first time that the federal court's habeas review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Pinholster*, 131 S. Ct. at 1398. The Court explained that "review under § 2254(d)(1) focuses on what a state court knew and did." *Id*. at 1399. In the *Pinholster* case, the district court had conducted an evidentiary hearing and considered new evidence in connection with its review and granting of the petitioner's writ based on a finding of ineffective assistance of counsel. *Id*. at 1397. In an en banc decision, the Ninth Circuit Court of Appeals affirmed the district court's grant of the writ. *Id*. The United States Supreme Court granted certiorari and reversed the Ninth Circuit, finding that the district court should not have considered additional evidence that had not been available to the state courts. 131 S. Ct. at 1398. Because the federal habeas scheme "leaves primary responsibility with the state courts," and "requires that prisoners ordinarily must exhaust state remedies," the Court held that to permit new evidence to be presented in a federal habeas court "would be contrary to that purpose." 131 S. Ct. at 1399 (internal citation and quotation marks omitted).

When a petitioner raises in a § 2254 habeas petition an ineffective-assistance-of-counsel claim that was denied on the merits by a state court, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable[,]" not "whether defense counsel's performance fell below *Strickland's* standard." *Harrington*, 562 U.S. at _, 131 S. Ct. at 785. "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" *Id*. (citing *Williams*, 529 U.S. at 410) (emphasis in

original). "A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id*.

2.       Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id*. The separate, but related, theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas-corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.       Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that –

      (A)    the applicant has exhausted the remedies available in the courts of the State; or

      (B)    (i) there is an absence of available State corrective process; or

              (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

13

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state-court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing a PCR application. State law requires that all grounds be stated in the direct appeal or PCR application. SCACR 203; *see* S.C. Code Ann. §§ 17-27-10 through 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976).   If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). Strict time deadlines govern direct appeals and the filing of a PCR application in South Carolina courts. A PCR application must be filed within one year of judgment, or, if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or to the South

14

Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding "that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (S.C. 1990)).

> ### b.     Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas-corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the United States Supreme Court explains:

> [state procedural rules promote] not only the accuracy and efficiency of judicial

> decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10-11 (1984). However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)). Procedural default is an affirmative defense that is waived if not raised by respondents. *Gray v. Netherland*, 518 U.S. 152, 165-66 (1996). To overcome Respondent's contention, it is Petitioner's burden to raise cause and prejudice or actual innocence. If not raised by Petitioner, the court need not consider the defaulted claim. *See generally Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995).

c.    Cause and Actual Prejudice

16

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495-96; *see Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012) ("A prisoner may obtain federal review by showing cause for the default and prejudice from a violation of federal law.") (quoting *Coleman*, 501 U.S. at 750). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Murray*, 477 U.S. at 495-96. Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

### 3.      Claims of Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. Petitioner bears the burden of proving an error and prejudice in his ineffective-assistance-of-counsel claim. *Id*.

### 4.      Claims of Involuntary Guilty Plea

A guilty plea must represent "a voluntary and intelligent choice among the alternative

courses of action open to the defendant," *North Carolina v. Alford*, 400 U.S. 25, 31 (1970), and may be invalid if it was induced by threats or misrepresentations. *See Brady v. United States*, 397 U.S. 742, 755 (1970). However, a defendant's statements at the guilty-plea hearing are presumed to be true. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Unsupported allegations on appeal or in a collateral proceeding are insufficient to overcome representations made during the guilty-plea hearing. *See Via v. Superintendent, Powhatan Corr. Ctr.*, 643 F.2d 167, 171 (4th Cir. 1981) (holding that statements at plea hearing that facially demonstrate plea's validity are conclusive absent compelling reason why they should not be, such as ineffective assistance of counsel).

III.     Analysis

        A.     Non-Cognizable or Procedurally Barred Grounds

            1.     The Parties' Positions

Respondent contends that all of Petitioner's claims, except Ground Three (regarding the voluntariness of Petitioner's guilty plea), are either "not cognizable" or procedurally barred to the extent they were not raised or preserved in state court. ECF No. 23 at 1. Having reviewed the record evidence and the parties' legal memoranda, the undersigned agrees with Respondent that Grounds One and Two (constitutionality of lack of trial transcript for use in PCR hearing) and Ground Four (ineffectiveness of PCR counsel) are non-cognizable or, to the extent that Petitioner responded to Respondent's contentions, procedurally bypassed.

In Grounds One and Two of his Petition, Petitioner asserts that his federal due-process and equal-protection rights were violated during his PCR case because "the state of South Carolina failed to provide [him] with the trial transcript necessary to challenging [his] conviction." Pet. 5, 7, ECF No. 1. Petitioner checked the appropriate boxes on his petition form indicating that

Grounds One and Two were raised to the PCR court through a "motion for continuance." *Id*. at 6,

7. In Ground Four, Petitioner asserts that his "PCR counsel was ineffective for failing to raise

meritorious claims of ineffective assistance of trial counsel that I informed him about." *Id*. at 10.

However, he does not elaborate on what those "meritorious claims" might have been, nor does he

provide any factual support for that ground on the face of his Petition.[5] Petitioner checked the

appropriate boxes on his petition form indicating that Ground Four was raised to the PCR court,

but he indicated that the PCR application in which it was raised was "pending" at the time the

Petition was filed. ECF No. 1 at 11, 12; *see supra* note 4 (the second PCR application was

dismissed as successive). Having reviewed the record, the undersigned notes that, although the

South Carolina Supreme Court provided notice to Petitioner that his PCR appellate counsel had

filed a "*Johnson* Petition" and informed him that he could submit a pro se brief should he desire

to do so, ECF No. 23-3, Petitioner did not submit a pro se brief to supplement his PCR appellate

counsel's petition and, therefore, did not present any additional claims of ineffective assistance of

trial counsel that were not presented by his PCR appellate counsel. *See* ECF No. 23-2 (Pet'r's Pet.

for Writ of Cert. in PCR matter, raising only points about the denial of the continuance to obtain a

trial transcript and the voluntariness of the guilty plea).

  Respondent argues that Grounds One and Two are "not cognizable" because they involve

---

[5] After Respondent filed his Motion for Summary Judgment, Petitioner submitted a Motion to Amend his Petition. ECF No. 27. The proposed amended petition attached to that Motion included a fifth ground not included in the original Petition. ECF No. 27-1. That ground was labeled "Ineffective Assistance of Trial Counsel" and included factual allegations showing that the proposed claim was based on four different things that trial counsel did or did not do during the trial that Petitioner stated showed counsel to be "ineffective." *Id*. at 2. Petitioner mentioned none of these four instances of alleged ineffectiveness in his first PCR hearing testimony. Respondent opposed the proposed amendment, ECF No. 29, and the undersigned denied the Motion as futile and prejudicial to Respondent. ECF No. 32. Petitioner's Motion for Reconsideration was also denied. ECF No. 37.

only alleged errors in the PCR process, ECF No. 23 at 11-12, but he also asserts that, even if they are cognizable, they are all procedurally barred from review in this habeas proceeding because it was not properly raised and preserved below. *Id*. at 12-13. According to Respondent, even if these issues were cognizable and if Petitioner could avoid application of procedural bypass to them, they are without merit because there is no constitutional right to a transcript of an aborted trial where Petitioner did not complete the trial, but chose to plead guilty before any verdict was handed down. *Id*. at 13-16. Insofar as Ground Four is concerned, Respondent argues that Petitioner "fails to state a claim upon which relief may be granted," citing directly to 28 U.S.C. § 2254(i). *Id*. at 22.

Petitioner responds that Grounds One and Two were sufficiently exhausted or, alternatively, if they were not properly exhausted, they should not be found procedurally barred because his PCR counsel's ineffectiveness was the cause of any failure to exhaust and Petitioner was prejudiced by any such failure. ECF No. 28 at 5 (citing to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012)). Petitioner does not respond to Respondent's contention that Ground Four is non-cognizable, and Respondent does not reply to Petitioner's Response or citation to *Martinez*.

2.    Error in PCR Proceedings and Ineffective Assistance of PCR
      Counsel Are Not Cognizable § 2254 Claims

Respondent is correct in his argument that Petitioner's Grounds One and Two, even if not procedurally defaulted, and Ground Four are not cognizable. This is true because all three of these points allege that error occurred during Petitioner's initial PCR case. The text of 28 U.S.C. § 2254 itself supports this conclusion. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of

counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *see also Taylor v. Warden at Allendale,* No. 2:13-cv-2213-RMG, 2014 WL 4721183, at ** 4-5 (D.S.C. Sept. 22, 2014) (citing *Lawrence v. Branker*, 517 F.3d 700 (4th Cir. 2008)).

In *Martinez v. Ryan,* cited by Petitioner, the United States Supreme Court determined only that ineffective assistance of PCR counsel may be used by a habeas petitioner to show or satisfy the "cause" requirement for avoidance of procedural default of an otherwise clearly stated claim of ineffective assistance of *trial* counsel. 132 S. Ct. at 1320. While Petitioner cites to *Martinez* in his Response to Respondent's Motion for Summary Judgment wherein he argues against Respondent's contention that his Grounds One and Two are procedurally defaulted, ECF No. 28 at 5, he does not rely on *Martinez* or any other law to oppose Respondent's assertions of the non-cognizabililty of Grounds One, Two, and Four.[6] Because none of these three Grounds is cognizable in this federal habeas-corpus proceeding, it is unnecessary for the court to address Respondent's procedural-bypass argument as to Grounds One and Two or Petitioner's response thereto other than to say that Petitioner's citation to *Martinez* is unavailing because he is attempting to use it to show "cause" for bypass of an issue of law applicable only to the PCR process: the provision of a trial transcript to an indigent person who pleaded guilty for use in his

---

[6] Petitioner's citation of *Martinez* is in connection with his contention that Grounds One and Two are cognizable and that any failure to fully exhaust them was caused by the ineffective assistance of his PCR counsel. ECF No. 28 at 5. Petitioner does not respond in any way to Respondent's contention that Ground Four is not cognizable. This lack of response amounts to a concession of non-cognizability of Ground Four. *See Petrucelli v. Dep't of Justice*, No. 11–1780(RBW), 2014 WL 2919285, at *7 (D.D.C. June 27, 2014 (prisoner case; citing *Maydak v. DOJ*, 579 F. Supp. 2d 105, 107) (D.D.C. 2008); *see also Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009) ("[F]ailure to oppose a basis for summary judgment constitutes waiver of that argument.").

PCR case.[7] Accordingly, the undersigned recommends that Respondent's Motion for Summary Judgment be granted as to Grounds One, Two, and Four as stated in the Petition.

            **B.**      Merits Analysis: Ground Three, Involuntary Guilty Plea

            **1.**      The Parties' Positions

The court considers the merits of Petitioner's claim that his guilty plea was involuntary because it was coerced by his trial counsel's allegedly poor performance during trial. ECF No. 1 at 5, 12. Petitioner presented this claim in his initial PCR application, App. 33, and in his Petition for Writ of Certiorari, ECF No. 23-2 at 11. In addressing Petitioner's claims that his trial counsel was ineffective and that this ineffectiveness rendered his guilty plea involuntary, the PCR court found: "Applicant did not prove by a preponderance of the evidence that counsel was ineffective in his representation. . . . [and]Applicant's guilty plea was entered knowingly and voluntarily after being fully and adequately advised by competent counsel acting within the range of competence demanded of attorneys in criminal cases." App. 77.[8]

Respondent argues that Petitioner is not entitled to relief because "[t]he PCR judge, properly guided by the *Strickland/Hill* standard, . . . , reasonably found on these facts that

---

[7] *See Hodges v. Colson*, 727 F.3d 517, 531 (6th Cir. 2013) ("Under *Martinez's* unambiguous holding our previous understanding of *Coleman* in this regard is still the law – ineffective assistance of post-conviction counsel cannot supply cause for procedural default of a claim of ineffective assistance of appellate counsel."); *Banks v. Workman*, 692 F.3d 1133, 1148 (10th Cir. 2012) ("*Martinez* applies only to a prisoner's procedural default of a claim of ineffective assistance at trial, not to claims of deficient performance by appellate counsel.") (internal quotes omitted). The Fourth Circuit has not addressed the issue. However, this and other courts have determined that *Martinez* does not apply to procedurally defaulted claims of unconstitutional PCR process such as those made by Petitioner in Grounds One and Two of his Petition. *See Taylor v. McKie*, No. 5:13–cv–02239–RMG, 2014 WL 3805820, at *3 n.1 (D.S.C. July 31, 2014) (un-exhausted prosecutorial-misconduct claim; no showing that *Martinez* holding extends beyond ineffective trial counsel claims); *Oliver v. Wengler*, No. 1:12–cv–00096–EJL, 2013 WL 5707342, at *10 n.3 (D. Idaho Oct. 21, 2013) (*Martinez* does not apply to procedurally defaulted due-process claim; it only applies to ineffective-assistance-of-trial-counsel claims).

[8] The PCR court's findings are quoted in full at *supra* Section I.

Petitioner had not shown deficient representation and prejudice." ECF No. 23 at 18. Petitioner does not respond to Respondent's contentions regarding Ground Three, but, rather, limits his entire Response to an argument that he is entitled to a hearing on Grounds One and Two. ECF No. 28 at 1-6. As a result, the court would be justified in ruling that Petitioner concedes that he failed to make a sufficient showing that his guilty plea was involuntary or that his trial counsel was ineffective. *See supra* note 6 and cases cited therein. Nevertheless, under the rule requiring liberal construction of pro se pleadings, the undersigned has considered the merits of Petitioner's allegations of involuntary plea and ineffective assistance of trial counsel made in the § 2254 Petition, in his PCR testimony, and in the PCR court's full ruling on the issue.

> 2.    The State Court Properly Found Petitioner's Trial Counsel Effective and His Guilty Plea Voluntary

Applying the standard of review set out in *Harrington*, *Strickland*, and § 2254, the undersigned agrees with Respondent's contentions. As the PCR court determined, trial counsel's assistance was not deficient regarding her advice to Petitioner regarding his guilty plea. Petitioner consistently responded affirmatively to the trial judge's questioning, indicating that he was satisfied with trial counsel's assistance, that she had sufficiently informed him of his options regarding going to the jury with the evidence presented at trial versus taking the guilty plea that the State offered, and that he understood the information trial counsel provided and wished to plead guilty. App. 16-17. At the PCR hearing, Petitioner's testimony about his allegedly involuntary guilty plea indicated that his primary contention was that he did not think his attorney was willing to "fight for" him and that he was afraid of being convicted and receiving a longer sentence if he did not take the plea. App. 53-54. When questioned more closely about what, particularly, trial counsel had done wrong during and before the trial to create Petitioner's alleged

23

fear, the only two things that Petitioner mentioned was 1) that she did not hire an investigator for his case, and 2) that she did not object to the fact that Petitioner's copy of the discovery package was missing two pages. App. 69-71. When asked why he told the trial judge that he was satisfied with trial counsel's assistance and that he understood the plea and entered it willingly, Petitioner's only response was that he was trying to make his plea testimony "convincing and believable" because that was what he thought he was supposed to do based on his trial counsel's advice. App. 59, 62-64.

Petitioner's trial attorney testified at the PCR hearing that the evidence against Petitioner was "overwhelming," that Petitioner did not provide her with any facts that would support an alibi or any other defense, and that, with overwhelming evidence but no factually supported defense, she did not know of anything that needed to be investigated. App. 65-69. Trial counsel also testified that she does not "try to force [her] clients to plea." App. 68. The PCR judge, who heard all testimony and observed the witnesses, determined that trial counsel's testimony was credible and Petitioner's was not credible. App. 77. The judge found that a criminal defendant's fear of conviction and a possibly longer sentence allegedly based on his trial counsel's statements to him about the weight of the evidence against him and the maximum sentence he could receive upon conviction did not amount to coercion that would render a guilty plea involuntary. *Id.* The PCR court concluded that Petitioner did not sustain his burdens of showing that his trial counsel was ineffective or that his guilty plea was involuntary. *Id.*

It is settled that a federal district court considering a habeas-corpus matter gives deference to findings by the state court. *Wilson v. Ozmint*, 352 F.3d 847, 858-59 (4th Cir. 2003). It is also settled that a defendant's statements at the guilty plea hearing are presumed to be true and that

unsupported allegations in a collateral proceeding are insufficient to overcome representations made during the guilty plea hearing. *See Blackledge v. Allison*, 431 U.S. at 73-74; *Via v. Superintendent, Powhatan Corr. Ctr.*, 643 F.2d at 171. Following review of the parties' submissions and the record, the undersigned finds that Petitioner has not presented any evidence or legal arguments showing that the PCR court unreasonably applied federal law as established by the United States Supreme Court or made an unreasonable determination of the facts in light of the evidence before it in its decision that Petitioner's guilty plea was voluntary. *See Harrington*, 562 U.S. at __, 131 S. Ct. at 786-87; *Pinholster*, 131 S. Ct. at 1398. As a result, the issues raised in Ground Three are without merit and should be dismissed.

IV.    Conclusion

The undersigned has considered each of Petitioner's grounds for habeas-corpus relief and recommends that each be dismissed. It is recommended that Respondent's Motion for Summary Judgment, ECF No. 22, be GRANTED and that the Petition in this case be DISMISSED with prejudice.


IT IS SO RECOMMENDED.


October 29, 2014                                              Kaymani D. West
Florence, South Carolina                               United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).