UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Antonio Lamont Boykin, #332153, | ) | C/A No. 5:13-2323-MGL-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Joseph McFadden, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Antonio Lamont Boykin ("Petitioner"), a state prisoner, filed a pro se Amended Petition

for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 69.[1] This matter is before the

court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), for a

Report and Recommendation on Respondent's Amended Answer/Return and Motion for

---

[1] On March 24, 2014, ten days after Respondent filed a responsive pleading directed to the original Petition as directed by this court, ECF Nos. 9, 22, 23 (Order; Motion for Summary Judgment; Return and Memorandum), Petitioner submitted a Motion to Amend the Petition and attached a proposed amended petition, which incorporated the original Petition by reference and added a fifth Ground for relief. ECF Nos. 27 (motion), 27-1 (proposed amended petition); *see Houston v. Lack*, 487 U.S. 266, 271 (1988) (pro se prisoner's pleading is deemed "filed" at moment of delivery to prison authorities for forwarding to district court). Respondent opposed the Motion to Amend, ECF No. 29, and the Motion to Amend was denied on April 23, 2014, ECF No. 32, and on reconsideration. ECF No. 37. The case proceeded on the original Petition, Respondent's Motion for Summary Judgment, and Petitioner's Response in Opposition to the Motion, ECF No. 28. A Report and Recommendation was entered on that Motion on October 29, 2014. ECF No. 39. Following consideration of Petitioner's Objections to the Report and Recommendation, ECF No. 45, United States District Judge Lewis directed Respondent to respond to the document that is now the Amended Petition, ECF No. 69, and the case was returned to the undersigned magistrate judge for further proceedings. ECF Nos. 48, 49. Respondent thereafter submitted the Amended Answer/Return and Memorandum and the Motion for Summary Judgment directed to the Amended Petition that is the subject of this Report.

Summary Judgment. ECF Nos. 52, 53.[2] Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's Motion. ECF No. 54. Petitioner filed a Response in opposition to Respondent's Motion. ECF No. 60. Respondent did not file a reply to Petitioner's Response. Petitioner's Motion for Evidentiary Hearing, ECF No. 61, was denied on June 11, 2015. ECF No. 65. Having carefully considered the parties'

---

[2] Respondent contends that Petitioner's Motion to Amend was properly denied. ECF No. 53 at 24-27. However, upon further consideration, the undersigned agrees with the District Judge that the amendment should have been allowed "as a matter of course" under the currently operative Federal Rule of Civil Procedure 15(a)(1)(B) (revised to allow amendment as a matter of course within twenty-one days of the service of a responsive pleading effective December 1, 2009). The amendment should have been allowed because it was Petitioner's first proposed amendment to the Petition, it was submitted less than twenty-one days after Respondent filed his responsive pleading to the Petition on March 14, 2014, and there were no surrounding circumstances indicating a dilatory motive on Petitioner's part. Despite Respondent's contention otherwise, which he supports by citation to *Mayle v. Felix*, 545 U.S. 644, 654 (2005) (a case decided four years before the 2009 revision of the rule and addressing only the issue of application of the AEDPA statute of limitations to amended habeas petitions), this procedural rule allowing one amendment of the original habeas petition "as a matter of course" is not "inconsistent with any statutory provisions or with [the] rules [governing § 2254 cases]." Rule 12, Rules Governing Section 2254 Cases in the United States District Courts ("Federal Rules of Civil Procedure . . . may be applied to a proceeding under these rules."); *see Fisher v. Baker*, 203 U.S. 174, 181 (1906) (habeas corpus proceedings are considered civil in nature); *United States v. Gonzalez*, 592 F.3d 675, 679 (5th Cir. 2009) ("It is well settled that Rule 15 applies to federal habeas proceedings."); *Dupont v. Phillips*, No. 05-CV-3426 RRM, 2012 WL 2411858, at *9 (E.D.N.Y. June 26, 2012) (applying Rule 15(a)(1)(B) to *habeas* petitions and allowing amendment of petition after the respondent filed a response to the original petition). Because the amendment should have been allowed under Rule 15(a)(1)(B) as a "matter of course," the issue of futility of the proposed amendment was not appropriate for consideration and Respondent's continuing argument on that basis is unavailing. *See Broyles v. Corr. Med. Servs., Inc.*, No. 08-1638, 2009 WL 3154241, at *3 (6th Cir. Jan. 23, 2009); *Perkins v. Sun Chem. Corp.*, No. 1:10CV810, 2011 WL 1403069, at *1 (S.D. Ohio Apr. 12, 2011); *Moore v. Aikens*, No. 1:10-CV-64 WLS, 2011 WL 767960, at *1 (Feb. 8, 2011), *report and recommendation adopted*, No. 1:10-CV-64 WLS, 2011 WL 767298 (M.D. Ga. Feb. 28, 2011). Accordingly, in connection with the preparation of this Report, the Clerk of Court was directed to docket the Amended Petition, including the original Petition as an attachment thereto so that the two documents, together, constitute the Amended Petition. ECF No. 67.

submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment be granted and that the Amended Petition be dismissed.

I.      Procedural History

Petitioner is currently incarcerated at Lieber Correctional Institution, part of the South Carolina Department of Corrections prison system. ECF No. 69-1 at 1. In March 2008, a Clarendon County Grand Jury indicted Petitioner under two separate indictments on two counts of first-degree burglary, two counts of first-degree criminal sexual conduct, two counts of kidnapping, and two counts of possession of a weapon during a violent crime. App. 80-81, 85-86.[3] A jury trial on one of the indictments was partially conducted between July 28 and August 1, 2008 before Judge Howard P. King. App. 4. While the jury was deliberating, Petitioner pleaded guilty to all pending charges except the burglary charges, which were dismissed, in return for a forty-year prison term. *Id.* The trial court conducted a detailed plea colloquy with Petitioner on August 2 and 3, 2008. App. 1-29. Petitioner acknowledged that he understood the terms of the negotiated plea deal and that he was "pleading guilty of [his] own free will." App. 16-17. He also stated that he was "satisfied with the manner in which [his trial counsel] . . . advised and represented [him]." App. 17. The trial judge accepted the negotiated plea bargain and sentenced Petitioner accordingly. App. 26-28.

Petitioner did not file a direct appeal. App. 32. He filed a post-conviction relief ("PCR") application on June 22, 2009, App. 31, raising the following points (quoted verbatim):

Ineffective Assistance of Counsel . . . Involuntary plea . . . denial of 6, 14th

---

[3] Citations to "App." refer to the appendix of the record that was before the PCR court. It is on the docket of this case at ECF No. 23-1.

Amendment. . . . Counsel failed to do pretrial investigation . . . Counsel's erroneous advice . . . Counsel failed to protect my rights.

App. 33.

The State made a return to the application on or around October 2, 2009. App. 39-45. An evidentiary hearing was held April 28, 2011 in Sumter County before the Honorable W. Jeffery Young. App. 46-71. Scott Robinson, Esq., represented Petitioner in the PCR action, and Assistant Attorney General Mary S. Williams represented the State. App. 48. Petitioner and his trial counsel, Attorney Deborah Butcher, testified at the hearing. App. 47. In his PCR testimony, Petitioner stated that his guilty plea was involuntary because he was coerced to enter the plea when the trial did not appear to be going in his favor, he felt trial counsel was not willing to fight for him and she told him that he could receive a life sentence if he did not take the plea bargain. App. 53-54. He also testified that trial counsel was ineffective because she did not hire an investigator to assist in his defense and because she did not inform him of the contents of two pages of a medical report that were not included in the set of discovery material that Petitioner received. App. 59-61. Finally, when the PCR judge asked if he had any further claims, Petitioner vaguely raised the issue of the PCR judge's denial of a previously requested continuance to allow Petitioner to obtain a transcript from the partial trial. Petitioner and his PCR counsel had argued that the trial transcript was needed to support Petitioner's assertions that his trial counsel's ineffectiveness coerced him into the entering the plea bargain that resulted in the forty-year sentence he is currently serving. App. 61-62.[4] Petitioner's PCR counsel stated in his follow-up

---

[4] The PCR judge denied Petitioner's pre-hearing motion for a continuance because he determined that the State was not going to pay for a transcript of the trial that was terminated by the guilty plea, and, apparently, because no financial arrangements had been made for Petitioner or some other agency to pay for it. App. 50-51. The judge also indicated that he did not see the

question that the transcript point was "preserved," and then concluded his questioning. App. 62. The State's PCR counsel cross examined Petitioner about lack of truthfulness in his responses to the trial judge's questions during the plea colloquy. App. 62-64. Petitioner's general responses to the cross examination were that he was not truthful during the plea colloquy because his trial counsel told him to go through with the plea bargain and that is what he thought he should do to get the judge to approve the plea. *Id*.

Petitioner's trial counsel testified that the State had "overwhelming" evidence against Petitioner. She said that she told him about the evidence against him in connection with her initial presentation of the proposed plea bargain, but that he chose to go to trial without providing an alibi or other defense to the charges. App. 65-68. Trial counsel also testified that she did not recall Petitioner asking her to hire an investigator. She stated that, even if he had asked for an investigator, she probably would not have hired one because Petitioner had not given her any facts supporting any defense to the charges that needed to be investigated. App. 69.

On September 18, 2011, the PCR court issued an order dismissing Petitioner's PCR application. App. 72-79. The PCR court issued the following findings of fact and conclusions of law:

> This Court has had the opportunity to review the record in its entirety and has heard the testimony at the post-conviction relief hearing. This Court has further had the opportunity to observe the witnesses presented at the hearing, closely pass upon their credibility and weigh their testimony accordingly. Set forth below are the relevant findings of facts and conclusions of law as required pursuant to S.C. Code Ann. § 17-27-80 (1985).

### Ineffective Assistance of Counsel

---

relevance or need for the trial transcript because Petitioner pleaded guilty. App. 51.

The Applicant has alleged ineffective assistance of counsel as a ground for relief in his application. In a post-conviction relief action, the Applicant has the burden of proving the allegations in the application. Rule 71.l(e), SCRCP; Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985). Where ineffective assistance of counsel is alleged as a ground for relief, the Applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 2064, 80 L.Ed.2d 674, 692 (1984);Butler, 286 S.C. 441, 334 S.E.2d 813 (1985).

The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. Courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Butler, 286 S.C. 441, 334 S.E.2d 813 (1985). The Applicant must overcome this presumption to receive relief. Cherry v. State, 300 S.C. 115, 386 S.E.2d 624 (1989). Courts use a two-pronged test in evaluating allegations of ineffective assistance of counsel. First, the Applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms," Cherry, 300 S.C. at 117, 385 S.E.2d at 625 (citing Strickland). Second, counsel's deficient performance must have prejudiced the Applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cherry, 300 S.C. at 117-18, 386 S.E.2d at 625.With respect to guilty plea counsel, the Applicant must show that there is a reasonable probability that, but for counsel's alleged errors', he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

In PCR cases, a defendant asserting a constitutional violation must frame the issue as one of ineffective assistance of counsel. Al-Shabazz v. State, 338 S.C. 354, 527 S.E.2d 742 (1999). A defendant who pleads guilty on the advice of counsel may collaterally attack the plea only by showing that (1) counsel was ineffective and (2) there is a reasonable probability that but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial. Roscoe v. State, 345 S.C. 16, 546 S.E.2d 417 (2001). A defendant alleging that his guilty plea was induced by ineffective assistance of counsel must prove that counsel's advice was not within the competence demanded of attorneys in criminal cases. Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 369 (1985). A guilty plea is a solemn, judicial admission of the truth of the charges against the defendant. Statements made during the plea should be considered conclusive unless the defendant presents reasons why he should be allowed to depart from the truth of those statements. Crawford v. U.S., 519 F.2d 347 (4th Cir. 1975); Edmonds v.

Lewis, 546 F.2d 566 (4th Cir. 1976).

*Ineffective Assistance of Counsel*

The allegations made in the application and at the hearing all boil down to a claim of ineffective assistance of counsel. Applicant has alleged that his plea was not entered voluntarily and knowingly as counsel gave him erroneous advice concerning his plea. As stated above, an Applicant in PCR that pleads guilty on counsel's advice may only collaterally attack the voluntary and knowing nature of his guilty plea by showing (1) counsel was ineffective and (2) there is a reasonable probability that but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial. Roscoe, supra. Therefore, this allegation is essentially a claim of ineffective assistance of counsel that rendered a guilty plea involuntary. Applicant has also alleged counsel failed to properly investigate his case and all evidence associated with it. At the PCR hearing, Applicant testified that he had concerns about counsel's willingness to "fight for him" to the best of her abilities at trial and felt "backed into a corner" because counsel advised him that he could take a forty year plea or go to trial and get a life sentence. Applicant went on to state that he met with counsel between five (5) and ten (10) times, during which counsel advised Applicant to consider taking a plea for forty years to avoid getting a life sentence. Applicant said that because of this fear instilled by counsel over receiving a life sentence, he decided to enter the plea. Applicant then said that during the plea hearing, he answered the questions only as counsel had advised him to in order to make his guilt seem "convincing" so the plea judge would accept the plea. Applicant said there were some things he asked counsel to do as part of her investigation into his case which she failed to do, including failing to review the discovery file with him despite her having it during their meetings. Counsel started her testimony by stating that her representation of Applicant was based on the fact that there was overwhelming evidence of Applicant's guilt in this case. In addition to surveillance video from Wal-Mart showing Applicant following the victim, there was evidence found in Applicant's car linking him to the crime and victim positively identified Applicant as the perpetrator in this crime. Counsel testified Applicant was very reluctant to discuss his case with her to begin to develop defenses, but that she did review the entirety of the discovery file with Applicant several times during the course of her representation. Counsel finished by stating that it was ultimately Applicant's decision whether to enter the plea, but that in this case he chose to do so as it was his best option considering the overwhelming evidence of Applicant's guilt.

This Court finds Counsel's testimony to be credible. Conversely, I find Applicant's testimony to not be credible. Counsel advised Applicant of all relevant issues regarding the charges he was facing, including the facts giving rise to the charges, the indictments, the elements of the offenses, potential sentences he was facing and the state's evidence against Applicant. Additionally, counsel gave

Applicant all the information and advice to make an intelligent and voluntary decision on whether to enter this plea. Applicant's fear of the potential sentences he was facing at trial as communicated by counsel is not tantamount to counsel threatening or coercing Applicant to enter a guilty plea. Based on the facts above, I find that Applicant did not prove by a preponderance of the evidence that counsel was ineffective in his representation. Further, I find that Applicant's guilty plea was entered knowingly and voluntarily after being fully and adequately advised by competent counsel acting within the range of competence demanded of attorneys in criminal cases.

As discussed above, the Applicant has failed to carry his burden in this action. Therefore, this Court finds that the application must be denied and dismissed in its entirety.

App. 74-79.

A petition for writ of certiorari seeking review of the PCR court's final judgment was submitted on Petitioner's behalf to the South Carolina Supreme Court on or about March 22, 2013. ECF No. 23-2. South Carolina Appellate Defender Breen Richard Stevens filed the petition as a "*Johnson* Petition" and requested to be relieved as counsel for Petitioner.[5] *Id*. at 14. The petition for writ of certiorari raised the following two issues quoted verbatim:

The PCR court erred by denying PCR counsel's motion for a continuance in order to obtain a copy of Petitioner's trial transcript where Petitioner pled guilty during jury deliberations, and where PCR counsel asserted that Petitioner felt pressured to plead guilty due to plea counsel's performance during trial.

Petitioner's guilty plea was not knowingly, intelligently, and voluntarily made where he pled guilty due to Counsel's coercive advice that Petitioner could receive life without parole if he did not plead guilty.

*Id*. at 2.

On March 25, 2013, the South Carolina Supreme Court informed Petitioner of the filing of

---

[5] *See Johnson v. State*, 364 S.E.2d 201 (1988) (appointed appellate counsel may move to withdraw from representation after certifying a belief that the petition or appeal counsel filed is without merit).

the *Johnson* petition and told him that he could submit a pro se response to the petition. ECF No.

23-3. Petitioner did not submit a pro se response and the Supreme Court denied the petition for

writ of certiorari on July 11, 2013. ECF No. 23-4. The appellate remittitur issued on July 31,

2013. ECF No. 23-5.[6]

II.     Discussion

A.     Federal Habeas Issues

Petitioner raises the following issues in his federal Amended Petition for a Writ of Habeas

Corpus, quoted verbatim:

Ground One: Due Process Violation

Supporting facts: As an indigent defendant, the state of South Carolina failed to
provide me with the trial transcript necessary to challenging my conviction.
. . . .
Ground Two: Violation of Equal Protection
Supporting facts: As an indigent defendant, the state of South Carolina failed to
provide me with the trial transcript necessary to challenging my conviction.
. . . .
Ground Three: Ineffective Assistant [sic] of Trial counsel
Supporting facts: Trial counsel was ineffective in coercen [sic] me to plead guilty.
. . . .
Ground Four: Ineffective Assistance of PCR counsel
Supporting facts: PCR counsel was ineffective for failing to raise meritorious
claims of ineffective assistance of trial counsel that I informed him about.

ECF No. 69-1 at 5-10.

Ground 5: Six [sic] Amendment Violation (Ineffective Assistance of counsel)
Supporting Facts: Trial Counsel was ineffective for failing to strike a juror who

---

[6] Shortly after the petition for writ of certiorari was denied by the state Supreme Court,
Petitioner submitted a second PCR application to the Clarendon County court. ECF No. 23-6.
That application was denied as successive and untimely on February 11, 2014. ECF No. 23-9.
Petitioner's notice of appeal directed to the PCR court's order was dismissed by the Supreme
Court of South Carolina on August 21, 2014. The remittitur was sent to the Clarendon County
Clerk of Court on the same day. ECF Nos. 53-1, 53-2.

admitting [sic] she was high school friends with the allege [sic] victim; Trial Counsel was ineffective for failing to cross-examine the allege [sic] victim (the state's key witness); Trial Counsel was ineffective for failing to object to the solicitor's improper comment to the jury telling jurors to put themselves in the allege [sic] victim's shoes; Trial Counsel was ineffective for failing to request an [sic] lesser included offense charge to the jury.

ECF No. 69 at 2.

>B.     Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"; or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

10

at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319, 322 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

          C.       Habeas Corpus Standard of Review

          1.       Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.

          a.       Deference to State Court Decisions

Courts afford deference to state courts' resolutions of the habeas claims of state prisoners.

*See Bell v. Cone*, 543 U.S. 447, 455 (2005). Recently, the Supreme Court provided further guidance regarding the deference due to state-court decisions. *Harrington v. Richter*, 562 U.S. 86 (2011); *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). To obtain habeas relief from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." 562 U.S. at 102. In *Harrington*, the Court further stated: "If this standard is difficult to meet, that is because it was meant to be." *Id.*; *see Richardson v. Branker*, 668 F.3d 128, 137-44 (4th Cir. 2012) (quoting *Harrington* extensively and reversing district court's grant of writ based on his ineffective assistance of counsel claims).

In interpreting § 2254(d)(1) and discussing the federal courts' role in reviewing legal determinations made by state courts, the United States Supreme Court held as follows:

> [A] federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "contrary to . . . [clearly] established Federal law as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."

*Williams v. Taylor*, 529 U.S. 362, 404-05 (2000) (quoting from § 2254(d)(1)). "Clearly established Federal law in § 2254(d)(1) refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (quoting *Williams*, 529 U.S. at 412). In considering whether a state-court decision is "contrary to" clearly established federal law, the federal court may not grant relief unless the state court arrived at a conclusion opposite to that reached by the Supreme

Court on a legal question, the state court decided the case differently than the Court has on facts that are materially indistinguishable, or if the state court "identifie[d] the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applie[d] that principle to the facts of the prisoner's case." *Williams*, 529 U.S. 362, 405-13. The "unreasonable application" portion of § 2254(d)(1) "requires the state court decision to be more than incorrect or erroneous[,]" it "must be objectively unreasonable," which is a higher threshold. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (internal citation omitted).

Section 2254(e)(1) requires the federal court give a presumption of correctness to state-court factual determinations and provides that a petitioner can only rebut such a presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Accordingly, a habeas petitioner is entitled to relief under § 2254(d)(2), only if he can prove, by clear and convincing evidence, that the state court unreasonably determined the facts in light of the evidence presented in state court.

b.    Ineffective Assistance of Counsel

The Sixth Amendment provides a criminal defendant the right to effective assistance of counsel in a criminal trial and first appeal of right. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court announced a two-part test for adjudicating ineffective assistance of counsel claims. First, a petitioner must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Id*. at 687. Second, the petitioner must show that this deficiency prejudiced the defense. *Id*. at 694. The United States Supreme Court's 2011 decisions cited previously elaborate on the interplay between *Strickland* and § 2254, noting the standards are "both highly deferential," and "when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (internal quotation marks omitted); *Pinholster*, 131 S.

13

Ct. at 1403.

Further, in *Pinholster*, the Court held for the first time that the federal court's habeas review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Pinholster*, 131 S. Ct. at 1398. The Court explained that "review under § 2254(d)(1) focuses on what a state court knew and did." *Id.* at 1399. In the *Pinholster* case, the district court had conducted an evidentiary hearing and considered new evidence in connection with its review and granting of the petitioner's writ based on a finding of ineffective assistance of counsel. *Id.* at 1397. In an en banc decision, the Ninth Circuit Court of Appeals affirmed the district court's grant of the writ. *Id.* The United States Supreme Court granted certiorari and reversed the Ninth Circuit, finding that the district court should not have considered additional evidence that had not been available to the state courts. 131 S. Ct. at 1398. Because the federal habeas scheme "leaves primary responsibility with the state courts," and "requires that prisoners ordinarily must exhaust state remedies," the Court held that to permit new evidence to be presented in a federal habeas court "would be contrary to that purpose." 131 S. Ct. at 1399 (internal citation and quotation marks omitted).

When a petitioner raises in a § 2254 habeas petition an ineffective-assistance-of-counsel claim that was denied on the merits by a state court, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable[,]" not "whether defense counsel's performance fell below *Strickland's* standard." *Harrington*, 562 U.S. at 101. "For purposes of § 2254(d)(1), 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Id.* (citing *Williams*, 529 U.S. at 410) (emphasis in original). "A state court must be granted a deference and latitude that are not in operation when

14

the case involves review under the *Strickland* standard itself." *Id*.

2.      Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id*. The separate, but related, theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas-corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.      Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that –

> (A)     the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)     (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped

from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

    (c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state-court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing a PCR application. State law requires that all grounds be stated in the direct appeal or PCR application. SCACR 203; *see* S.C. Code Ann. §§ 17-27-10 through 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). Strict time deadlines govern direct appeals and the filing of a PCR application in South Carolina courts. A PCR application must be filed within one year of judgment, or, if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or to the South

16

Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding "that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (S.C. 1990)).

b.    Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas-corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the United States Supreme Court explains:

> [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10-11 (1984). However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)). Procedural default is an affirmative defense that is waived if not raised by respondents. *Gray v. Netherland*, 518 U.S. 152, 165-66 (1996). To overcome Respondent's contention, it is Petitioner's burden to raise cause and prejudice or actual innocence. If not raised by Petitioner, the court need not consider the defaulted claim. *See generally Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995).

### c.     Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495-96; *see Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012) ("A prisoner may obtain federal review by showing cause for the default and prejudice from a violation of federal law.") (quoting *Coleman*, 501 U.S. at 750). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Murray*, 477 U.S. at 495-96. Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

### 3.     Claims of Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. Petitioner bears the burden of proving an error and prejudice in his ineffective-assistance-of-counsel claim. *Id*.

### 4.     Claims of Involuntary Guilty Plea

19

A guilty plea must represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant," *North Carolina v. Alford*, 400 U.S. 25, 31 (1970), and may be invalid if it was induced by threats or misrepresentations. *See Brady v. United States*, 397 U.S. 742, 755 (1970). However, a defendant's statements at the guilty-plea hearing are presumed to be true. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Unsupported allegations on appeal or in a collateral proceeding are insufficient to overcome representations made during the guilty-plea hearing. *See Via v. Superintendent, Powhatan Corr. Ctr.*, 643 F.2d 167, 171 (4th Cir. 1981) (holding that statements at plea hearing that facially demonstrate plea's validity are conclusive absent compelling reason why they should not be, such as ineffective assistance of counsel).

III.    Analysis

      A.    Non-Cognizable or Procedurally Barred Grounds

            1.    The Parties' Positions

Respondent contends that all of Petitioner's claims, except Ground Three (regarding the voluntariness of Petitioner's guilty plea as affected by several specific instances of alleged ineffectiveness of trial counsel), are either "not cognizable" or procedurally barred to the extent they were not raised or preserved in state court. ECF No. 53 at 1-2. In his Response in opposition to Respondent's Motion for Summary Judgment, Petitioner contends that Grounds One and Two are exhausted and cognizable in this federal habeas proceeding and that any procedural bypass of Ground Five should be disregarded. ECF No. 60 at 2, 4, 9-10. Petitioner agrees that Ground Four is not cognizable and specifically withdraws that Ground. *Id.* at 6-7. Having reviewed the record evidence and the parties' legal memoranda, the undersigned agrees with Respondent that Grounds One and Two (constitutionality of lack of trial transcript for use in PCR hearing) are not

cognizable and Ground Five (involuntary plea due to four specific instances of alleged ineffective assistance of trial counsel) is procedurally bypassed.

In Grounds One and Two of his Amended Petition, Petitioner asserts that his federal due-process and equal-protection rights were violated during his PCR case because "the state of South Carolina failed to provide [him] with the trial transcript necessary to challenging [his] conviction." ECF No. 69-1 at 5, 7. Petitioner checked the appropriate boxes on his petition form indicating that Grounds One and Two were raised to the PCR court through a "motion for continuance." *Id.* at 6, 7. In Ground Five, Petitioner argues that his trial counsel's failure to 1) object to the prosecutor's allegedly improper argument to the jury, 2) cross examine the complaining witness, 3) challenge an allegedly biased juror, and 4) request a lesser-included-offense instruction coerced him into pleading guilty. ECF No. 69 at 2. In his Response to the Motion for Summary Judgment, Petitioner acknowledges that the factual basis of his Ground Five was not presented to the PCR court or to any state appellate court. ECF No. 60 at 9. However, he asserts that this procedural bypass should be disregarded because it was caused by his PCR counsel's ineffectiveness and resulted in prejudice to him because the PCR judge was unable to consider these allegations of trial counsel ineffective assistance when he was considering the issue of whether the guilty plea was coerced. *Id.* at 9-10. The undersigned notes that, although the Supreme Court of South Carolina provided notice to Petitioner that his PCR appellate counsel filed a "*Johnson* Petition" and informed him that he could submit a pro se brief should he desire to do so, ECF No. 23-3, Petitioner did not submit a pro se brief to supplement his PCR appellate counsel's petition. As a result, Petitioner did not present any additional claims of ineffective assistance of trial counsel to the Supreme Court that were not presented by his PCR

21

appellate counsel. *See* ECF No. 23-2 (Pet'r's Pet. for Writ of Cert. in PCR matter, raising only points about the denial of the continuance to obtain a trial transcript and the voluntariness of the guilty plea due to "coercive advice" about a potential life sentence from trial counsel).

Respondent argues that Grounds One and Two are not cognizable because they involve only alleged errors in the PCR process, ECF No. 53 at 13-14, but he also asserts that, even if they are cognizable, they are procedurally barred from review in this habeas proceeding because they were not properly raised and preserved below. *Id*. at 15. According to Respondent, even if these issues were cognizable and if Petitioner could avoid application of procedural bypass to them, they are without merit because there is no constitutional right to a transcript of an aborted trial where Petitioner did not complete the trial, but chose to plead guilty before any verdict was handed down. *Id*. at 16-18. Respondent also contends that Ground Five is barred by the AEDPA's statute of limitations because it was added after the period ran by an amendment that did not relate back to the timely Petition or, if timely, it is procedurally barred. *Id*. at 28-29.

Petitioner responds that Grounds One and Two are cognizable because the requested trial transcript "was indispensable" to his ability to support his involuntary-plea claim, and that they were sufficiently exhausted when the substance of these Grounds were "presented . . . to the state['s] highest court. ECF No. 60 at 2-4. Petitioner responds that Ground Five is not time barred because it relates back to the timely Ground Three. Petitioner further contends that Ground Five should not be procedurally barred because his PCR counsel's ineffectiveness caused the failure to exhaust this Ground and Petitioner was prejudiced by any such failure. ECF No. 60 at 9-10 (citing to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012)). Respondent does not reply to Petitioner's Response.

2.      Error in PCR Proceedings Are Not Cognizable § 2254 Claims

Respondent is correct in his argument that Petitioner's Grounds One and Two, even if not procedurally defaulted, are not cognizable. This is true because both of these points allege that error occurred during Petitioner's initial PCR case. The text of 28 U.S.C. § 2254 itself supports this conclusion. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *see also Taylor v. Warden at Allendale,* No. 2:13-cv-2213-RMG, 2014 WL 4721183, at ** 4-5 (D.S.C. Sept. 22, 2014) (citing *Lawrence v. Branker*, 517 F.3d 700 (4th Cir. 2008)). This finding of non-cognizability is not called into question by Petitioner's argument that the requested transcript was "indispensable" to a cognizable ineffective assistance of counsel claim. Although he argues that he "had no other way to support his allegations of trial counsel's errors committed at trial that affected the voluntariness of his guilty plea . . . ," ECF No. 60 at 3, the record shows that both Petitioner and his trial counsel testified extensively about the facts applicable to the ineffective-assistance claims raised at the PCR hearing. From such testimony, the PCR judge was able to make credibility determinations relative to such testimony and to adequately adjudicate the claims that were before him, regardless of any speculative benefit that the transcript might have provided. Both of these Grounds raise an issue of law applicable only to the PCR process: the provision of a trial transcript to an indigent person who pleaded guilty for use in his PCR case. Any error in the PCR judge's denial of Petitioner's request for a trial transcript was limited to the PCR proceedings and, as such, is statutorily non-cognizable in this proceeding under 28 U.S.C. § 2254. Because both Grounds One and Two are not cognizable, it is unnecessary for this court to consider

23

Respondent's contentions regarding procedural bypass or on the merits of these Grounds.[7] Accordingly, the undersigned recommends that Respondent's Motion for Summary Judgment be granted as to Grounds One and Two as stated in the Amended Petition and that Petitioner's Grounds One and Two be dismissed.

### 3.    Ground Five is Procedurally Bypassed

Initially, the undersigned rejects Respondent's contention that Petitioner's Ground Five is barred by the applicable statute of limitations under 28 U.S.C. § 2244. Liberally construing Petitioner's pro se Ground Five allegations as we must, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003), the undersigned finds that they arise from the same facts about the manner in which Petitioner's counsel performed during trial as those that support his original Ground Three. Ground Five is, essentially, identical to Ground Three except that it is factually supported by four additional instances of alleged ineffective assistance of trial counsel which, according to Petitioner, made him feel coerced and

---

[7] In his Response in opposition to Respondent's first Motion for Summary Judgment, Petitioner responded to Respondent's procedural bypass argument relating to Grounds One and Two by citing to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). ECF No. 28 at 5. In his Response in opposition to the present Motion for Summary Judgment, Petitioner does not cite to *Martinez*, but, rather, argues that Grounds One and Two were fully exhausted because they were "presented . . . to the state['s] highest court." ECF No. 60 at 4. Although the Fourth Circuit has not addressed the issue of whether *Martinez* can be used to avoid default of similar constitutional issues arising during the PCR process, this and other courts have determined that *Martinez* does not apply to procedurally defaulted claims of unconstitutional PCR process. *See Taylor v. McKie*, No. 5:13-cv-02239-RMG, 2014 WL 3805820, at *3 n.1 (D.S.C. July 31, 2014) (un-exhausted prosecutorial-misconduct claim; no showing that *Martinez* holding extends beyond ineffective trial counsel claims); *Oliver v. Wengler*, No. 1:12-cv-00096-EJL, 2013 WL 5707342, at *10 n.3 (D. Idaho Oct. 21, 2013) (*Martinez* does not apply to procedurally defaulted due-process claim; it only applies to ineffective-assistance-of-trial-counsel claims).

rendered his guilty plea involuntary and which were not presented to the PCR judge.[8] During the

PCR proceedings, Petitioner and his counsel asserted that Petitioner's trial counsel was

ineffective in 1) failing to conduct an adequate pretrial investigation of the prosecution's case

against Petitioner and hire an investigator; 2) failing to review the State's discovery materials

with Petitioner before trial; 3) being unwilling to fight for Petitioner; and 4) advising Petitioner to

plead guilty to avoid a life sentence. In Ground Five, Petitioner makes the same argument that

trial counsel's ineffectiveness coerced him to plead guilty, but he lists four additional instances of

alleged ineffectiveness that were never presented to the PCR judge: 1) failure to strike a juror; 2)

failure to cross examine the complaining witness; 3) failure to object to improper prosecutorial

argument; and 4) failure to request a lesser-included-offense jury instruction. As with the four

instances of alleged ineffectiveness raised under Ground Three before the PCR judge, the four

additional instances all arise from trial counsel's performance leading up to and during

Petitioner's trial. As such, the undersigned concludes that the Ground Five allegations relate back

to "a common core of operative facts" as those involved in Ground Three of the original Petition

(instances of alleged ineffectiveness before entry of the guilty plea) and are, therefore, not barred

by the § 2244 statute of limitations. *Mayle v. Felix,* 545 U.S. 644, 647 (2005); *see* Fed. R. Civ. P.

---

[8] Respondent urges that Petitioner's Ground Five should be read literally as alleging only trial errors such as allowing a biased juror to serve, allowing a witness to testify without cross examination, and permitting improper prosecutorial argument. ECF No. 53 at 11 n.5. To do so would not be a liberal construction because Petitioner specifically states that this Ground "relates to the voluntariness of his guilty plea . . . ." ECF No. 60 at 9. Moreover, courts are obligated to liberally construe pro se pleadings, not to strictly construe them as Respondent urges. To construe Petitioner's Ground Five allegations as asserting trial-court error rather than ineffective assistance/involuntary plea as Petitioner asserts would require this court to reject the allegations outright under applicable law. *See Tollett v. Henderson,* 411 U.S. 258, 267 (1973) (guilty plea, if knowing and voluntary, waived any right to assert such error to attack the conviction); *Fields v. Attorney Gen. of Md.,* 956 F.2d 1290, 1294-95 (4th Cir. 1992) (same).

15(c)(1)(B); *United States v. Pittman,* 209 F.3d 314, 317 (4th Cir. 2000); *see, e.g,* *Dupont v. Phillips*, No. 05-CV-3426 RRM, 2012 WL 2411858, at *10 (E.D.N.Y. June 26, 2012) ("amended claims [that] are essentially duplicative of claims raised in [the] original petition" relate back); *Isom v. United States*, No. 4:04 CV 1130, 2007 WL 2344918, at *6 (N.D. Ohio Aug. 16, 2007) (claim "based on the same facts" relates back).

Nevertheless, even though Ground Five is timely, this court should decline to consider its merits because it was procedurally bypassed when PCR counsel did not present the four additional instances of ineffective assistance of trial counsel now urged as part of Petitioner's argument that his guilty plea was coerced before the PCR judge and when they were never presented to the Supreme Court of South Carolina by either appellate counsel or Petitioner pro se in connection with Petitioner's challenge to the dismissal of his PCR application. *See Matthews v. Evatt*, 105 F.3d at 911 ("To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court."). Although Petitioner cites to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), claiming that the bypass should be disregarded because it was caused by ineffective assistance of PCR counsel, ECF No. 60 at 9, he fails to show that PCR counsel was, in fact, ineffective for failing to raise these additional instances of alleged ineffectiveness of trial counsel at the PCR hearing. *See Strickland,* 466 U.S. at 697; *Spencer v. Murray,* 18 F.3d 229, 232-33 (4th Cir.1994) ("both prongs of the [*Strickland*] test are "separate and distinct elements" of an ineffective assistance claim, [and a petitioner] must satisfy both requirements of the test to prevail on the merits"). To the extent that Petitioner invokes *Martinez* to allege that his PCR counsel was ineffective for failing to raise the four additional incidents of alleged trial-counsel ineffectiveness

to support his claim of coerced guilty plea before the PCR judge, Petitioner must "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the [petitioner] must demonstrate that the claim has some merit." *Gray v. Pearson*, 526 F. App'x 331, 333 (4th Cir. 2013). Therefore, Petitioner must show that there is a reasonable probability that he would have received relief on his Ground Five claim in his PCR case if that claim had been raised, and that PCR counsel's failure to raise the claim during the PCR proceeding was objectively unreasonable. *See Ford v. McCall*, No. 8:12-2266-GRA, 2013 WL 4434389, at *11 (D.S.C. Aug. 14, 2013) (citing *Horonzy v. Smith*, No. 11-234, 2012 WL 4017927, at *6 (D. Idaho Sept. 12, 2012) ("The application of the *Strickland* test in this instance means that Petitioner is required to show that counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter. This standard is a high one."). Applying *Martinez* to the record and Petitioner's Ground Five, the undersigned finds that Petitioner has failed to show that he is entitled to relief under this standard.

Petitioner cannot show that his allegations that he was coerced him into pleading guilty because his trial counsel did not object to the prosecutor's argument to the jury, did not sufficiently cross examine the complaining witness, did not strike one of the jurors, and did not request a lesser-included-offense instruction are "substantial" ineffectiveness claims. This is true because there is no reasonable likelihood that the PCR judge would have found that Petitioner's plea was coerced by these additional incidents of alleged ineffectiveness. Once again, Petitioner's Ground Five duplicates and supplements his Ground Three by adding four additional instances of

27

alleged trial counsel ineffectiveness to the same claim of coerced plea that the PCR judge actually had before him. However, as discussed hereafter in connection with the analysis of Petitioner's exhausted and not-bypassed Ground Three, the PCR judge reasonably found that Petitioner's guilty plea was not coerced by his trial counsel's performance before and during the trial and that the plea was made knowingly and voluntarily. In making this ruling, the PCR court considered at least four instances of alleged trial counsel ineffectiveness that were raised during testimony from Petitioner and his trial counsel. The PCR judge reasonably found Petitioner's trial counsel's testimony about these matters credible and Petitioner's lacking in credibility. App. 77. Other than broadly asserting that his new claim is "substantial," ECF No. 60 at 9-10, Petitioner makes no real substantiality argument because he fails to show how his late inclusion of four additional instances of alleged ineffectiveness in his Amended Petition as support for, essentially, the same involuntary-plea claim would change the PCR judge's decision on the same claim. Petitioner presents no additional facts from which this court could determine that the late addition of four more ineffectiveness claims would change the PCR judge's decision on the lack of impact that any trial counsel ineffectiveness had on the ultimate issue of voluntariness of the guilty plea.

Additionally, an attorney's decisions made during the heat of trial such as whether to strike a juror, whether to object to prosecutorial argument, how to question a witness on the stand, and whether to request a specific jury instruction are generally considered matters of trial tactic which reviewing courts afford considerable deference when conducting an ineffective-assistance-of-counsel analysis. *See, e.g., Gardner v. Ozmint,* 511 F.3d 420, 425-26 (4th Cir. 2007) (not exercising a peremptory strike was a tactical decision that did not amount to ineffective assistance); *Bennett v. Angelone*, 92 F.3d 1336, 1349 (4th Cir. 1996) (tactical decision

28

not to object to prosecutor's argument); *Durham v. Blankenship*, 461 F. Supp. 492, 501 (W.D. Va. 1978) (tactical decision not to ask for jury instruction on right to silence); *Morris v. Peyton*, 283 F. Supp. 63, 67 (W.D. Va. 1968) (tactical decision not to call a witness proposed by petitioner); *see also Rawlins v. Craven*, 329 F. Supp. 40, 42 (C.D. Cal. 1971) (failure to request lesser-included-offense instruction was tactical). Also, legal counsel is not required to bring every possible claim before a court to avoid being found ineffective., *See Jones v. Barnes*, 463 U.S. 745 (1983) (finding that counsel has no constitutional duty to raise every non-frivolous claim on appeal). Review of the record as a whole and applicable law disproves Petitioner's contention that his PCR counsel was ineffective in failing to raise these additional instances of alleged ineffectiveness of trial counsel. In absence of a showing of ineffectiveness of PCR counsel, Petitioner cannot rely on *Martinez v. Ryan* to satisfy the essential cause to avoid the consequences of his procedural default of Ground Five. *See LaRoche v. Dunlap*, No. 4:14-CV-00222-JMC, 2015 WL 1298473, at *11 (D.S.C. Mar. 23, 2015) (petitioner did not establish a "substantial" ineffective assistance of trial counsel claim and "failed to meet the requirements of *Martinez* to show that his PCR counsel was ineffective"), *appeal dismissed*, 607 F. App'x 323 (4th Cir. 2015); *see also Sexton v. Cozner*, 679 F.3d 1150, 1161 (9th Cir. 2012) ("Because [the petitioner] has not shown that [PCR counsel] was ineffective, he has not shown cause to excuse his procedural default, and therefore, has not shown that his case warrants remand under *Martinez*."). Because Petitioner has not shown the required "cause" under *Martinez v. Ryan* to excuse his procedural default of this Ground, this court need not consider the issue of prejudice under the procedural-default analysis. *See Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into federal

court."). Furthermore, Petitioner has not argued and cannot show that this court's refusal to consider the merits of his bypassed Ground Five would result in a miscarriage of justice because he does not claim to be actually innocent of the charge to which he pleaded guilty and there is nothing in the record showing anything "truly extraordinary." about Petitioner's claims. *See Bousley v. United States*, 523 U.S. 614, 623 (1998); *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

The Fourth Circuit Court of Appeals has stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995). Thus, the undersigned will not discuss the merits of Ground Five and recommends that it be dismissed based on Petitioner's procedural default. *See Martinez*, 132 S. Ct. at 1320; *Mazzell v. Evatt*, 88 F.3d 263, 69 (4th Cir. 1996) (finding in order to show prejudice a Petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different). Accordingly, the undersigned recommends that Respondent's Motion for Summary Judgment be granted as to Ground Five as stated in the Amended Petition and that Petitioner's Ground Five be dismissed.

    **B.**  Merits Analysis: Ground Three, Involuntary Guilty Plea

      1.  The Parties' Positions

The court considers the merits of Petitioner's claim that his guilty plea was involuntary because it was coerced by his trial counsel's allegedly poor performance before and during trial. ECF No. 1 at 5, 12. Petitioner presented this claim in his initial PCR application, App. 33, and in his Petition for Writ of Certiorari, ECF No. 23-2 at 11. In addressing Petitioner's claims that his trial counsel was ineffective and that this ineffectiveness rendered his guilty plea involuntary, the PCR court found: "Applicant did not prove by a preponderance of the evidence that counsel was

30

ineffective in his representation. . . . [and]Applicant's guilty plea was entered knowingly and voluntarily after being fully and adequately advised by competent counsel acting within the range of competence demanded of attorneys in criminal cases." App. 77.[9]

Respondent argues that Petitioner is not entitled to relief because "[t]he PCR judge, properly guided by the *Strickland/Hill* standard, . . . , reasonably found on these facts that Petitioner had not shown deficient representation and prejudice." ECF No. 53 at 20. Petitioner responds that the PCR judge "unreasonably applied federal law in dismissing [the] Ground Three claim" because trial counsel's failure to put on a defense and "threats" about a potential life sentence allegedly made "during jury deliberation" coerced him to plead guilty "out of fear." ECF No. 60 at 6.

> 2.     The State Court Properly Found Petitioner's Trial Counsel Effective and His Guilty Plea Voluntary

Applying the standard of review set out in *Harrington*, *Strickland*, and § 2254, the undersigned agrees with Respondent's contentions. As the PCR court determined, trial counsel's assistance was not deficient regarding her advice to Petitioner regarding his guilty plea. Petitioner consistently responded affirmatively to the trial judge's questioning, indicating that he was satisfied with trial counsel's assistance, that she had sufficiently informed him of his options regarding going to the jury with the evidence presented at trial versus taking the guilty plea that the State offered, and that he understood the information trial counsel provided and wished to plead guilty. App. 16-17. At the PCR hearing, Petitioner's testimony about his allegedly involuntary guilty plea indicated that his primary contention was that he did not think his attorney was willing to "fight for" him and that he was afraid of being convicted and receiving a longer

---

[9] The PCR court's findings are quoted in full at *supra* Section I.

sentence if he did not take the plea. App. 53-54. When questioned more closely about what, particularly, trial counsel had done wrong during and before the trial to create Petitioner's alleged fear, the only two things that Petitioner mentioned was 1) that she did not hire an investigator for his case, and 2) that she did not object to the fact that Petitioner's copy of the discovery package was missing two pages. App. 69-71. When asked why he told the trial judge that he was satisfied with trial counsel's assistance and that he understood the plea and entered it willingly, Petitioner's only response was that he was trying to make his plea testimony "convincing and believable" because that was what he thought he was supposed to do based on his trial counsel's advice. App. 59, 62-64.

Petitioner's trial attorney testified at the PCR hearing that the evidence against Petitioner was "overwhelming," that Petitioner did not provide her with any facts that would support an alibi or any other defense, and that, with overwhelming evidence but no factually supported defense, she did not know of anything that needed to be investigated. App. 65-69. Trial counsel also testified that she does not "try to force [her] clients to plea." App. 68. The PCR judge, who heard all testimony and observed the witnesses, determined that trial counsel's testimony was credible and Petitioner's was not credible. App. 77. The judge found that a criminal defendant's fear of conviction and a possibly longer sentence allegedly based on his trial counsel's statements to him about the weight of the evidence against him and the maximum sentence he could receive upon conviction did not amount to coercion that would render a guilty plea involuntary. *Id*. The PCR court concluded that Petitioner did not sustain his burdens of showing that his trial counsel was ineffective or that his guilty plea was involuntary. *Id*.

It is settled that a federal district court considering a habeas-corpus matter gives deference

to findings by the state court. *Wilson v. Ozmint*, 352 F.3d 847, 858-59 (4th Cir. 2003). It is also settled that a defendant's statements at the guilty plea hearing are presumed to be true and that unsupported allegations in a collateral proceeding are insufficient to overcome representations made during the guilty plea hearing. *See Blackledge v. Allison*, 431 U.S. at 73-74; *Via v. Superintendent, Powhatan Corr. Ctr.*, 643 F.2d at 171. Moreover, the PCR judge's determination that Petitioner's trial counsel's testimony about the circumstances surrounding her representation leading up to the guilty plea was a reasonable one and it is entitled to deference from this court. *See Marshall v. Lonberger*, 459 U.S. 422, 434 (1983) (reviewing federal courts should not re-determine witness credibility where the witness appeared before the judge making the original determination). Following review of the parties' submissions and the record, the undersigned finds that Petitioner has not presented any evidence or legal arguments showing that the PCR court unreasonably applied federal law as established by the United States Supreme Court or made an unreasonable determination of the facts in light of the evidence before it in its decision that Petitioner's guilty plea was voluntary. *See Harrington*, 562 U.S. at 103; *Pinholster*, 131 S. Ct. at 1398. Accordingly, the undersigned recommends that Respondent's Motion for Summary Judgment be granted as to Ground Three as stated in the Amended Petition and that Petitioner's Ground Three be dismissed.

IV.     Conclusion

The undersigned has considered each of Petitioner's operative Grounds for habeas-corpus relief (Grounds One, Two, Three, Five), *see supra* p. 21 (Ground Four withdrawn), and recommends that each be dismissed. It is recommended that Respondent's Motion for Summary Judgment, ECF No. 52, be GRANTED and that the Amended Petition in this case be dismissed

with prejudice.

      IT IS SO RECOMMENDED.

September 4, 2015                          Kaymani D. West
Florence, South Carolina             United States Magistrate Judge

**The parties' attention is directed to the important notice on the following page.**

### Notice of Right to File Objections to Report and Recommendation

    The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

    Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

    **Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).