

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| ANTONIO LAMONT BOYKIN,<br>　　　　Petitioner,<br><br>vs.<br><br>JOSEPH MCFADDEN, WARDEN,<br>　　　　Respondent. | §<br>§<br>§<br>§　CIVIL ACTION NO. 5:13-2323-MGL-KDW<br>§<br>§<br>§ |

ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
AND DISMISSING PETITIONER'S AMENDED PETITION

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's Motion for Summary Judgment be granted and Petitioner's Amended Petition be dismissed with prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 4, 2015, and the Clerk of Court entered Petitioner's objections to the Report on October 15, 2015. The Court has reviewed the objections, but finds them without merit. Therefore, it will enter judgment accordingly.

Petitioner raises the following bases for relief in his 28 U.S.C. § 2254 action:

> **Ground One**: Due Process Violation
> **Supporting facts**: As an indigent defendant, the state of South Carolina failed to provide me with the trial transcript necessary to challeng[e] my conviction.
> \*\*\*\*\*
> **Ground Two**: Violation of Equal Protection
> **Supporting facts**: As an indigent defendant, the state of South Carolina failed to provide me with the trial transcript necessary to challeng[ed] my conviction.
> \*\*\*\*\*
> **Ground Three**: Ineffective Assistan[ce] of Trial counsel
> **Supporting facts**: Trial counsel was ineffective in coerc[ing] me to plead guilty.
> \*\*\*\*\*
> **Ground Four**: Ineffective Assistance of PCR counsel
> **Supporting facts**: PCR counsel was ineffective for failing to raise meritorious claims of ineffective assistance of trial counsel that I informed him about.
>
> **Ground 5**: Six[th] Amendment Violation (Ineffective Assistance of counsel)
> **Supporting Facts**: Trial Counsel was ineffective for failing to strike a juror who admitt[ed] she was high school friends with the allege[d] victim; Trial Counsel was ineffective for failing to cross-examine the allege[d] victim (the state's key witness); Trial Counsel was ineffective for failing to object to the solicitor's improper comment to the jury telling jurors to put themselves in the allege[d] victim's shoes; Trial Counsel was ineffective for failing to request a[ ] lesser included offense charge to the jury.

ECF No. 69-1 at 5-10, 69 at 2.

Assuming they are not procedurally barred, the Magistrate Judge posits that Grounds One and Two, the claims regarding the state's failure to provide Petitioner with a copy of the trial transcript, are not cognizable under 28 U.S.C. § 2254 . Report 23. The Court agrees.

"Claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief." *Bryant v. State of MD*, 848 F.2d 492, 493 (4th Cir. 1988). And, one is unable to "transform a state-law issue into a federal one merely by asserting a [constitutional] violation." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997). In his objections, Petitioner fails to provide any proper bases that would allow the Court to ignore this well-settled law. Therefore, the Court will overrule Petitioner's objections as to Ground One and Ground Two.

As noted above, in Petitioner's Ground Three for relief, he argues that his trial counsel was ineffective for allegedly coercing him into pleading guilty. The PCR court and the Magistrate Judge were unconvinced by this argument. This Court is, as well.

Section 2254 "requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (quoting 28 U.S.C. § 2254(e)). Further, "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Petitioner's bare assertion that his trial counsel was somehow able to coerce him into pleading guilty is totally unpersuasive. His objections are unconvincing, as well. Hence, the Court will overrule this objection, too.

3

Petitioner earlier withdrew Ground Four, hence, the Court turns to the Magistrate Judge's suggestion that Ground Five, Petitioner's Sixth Amendment Claim, is procedurally barred because first, "PCR counsel did not present the four additional instances of ineffective assistance of trial counsel now urged as part of Petitioner's argument that his guilty plea was coerced before the PCR judge," Report 26, and second, these arguments "were never presented to the Supreme Court of South Carolina by either appellate counsel or Petitioner pro se in connection with Petitioner's challenge to the dismissal of his PCR application." *Id*. The Court is persuaded as to the soundness of the Magistrate Judge's reasoning.

"To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) *overruled on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011). Petitioner's citation to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) for the proposition that he should not be procedurally barred is unavailing.

It is indeed true that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id*. at 1320. To establish that Petitioner's underlying ineffective-assistance of counsel claim is a substantial one, he "must demonstrate that the claim has some merit." *Id*. at 1318. To show that a claim has merit, Petitioner must establish that "there is a reasonable probability that, but for [trial] counsel's unprofessional errors, the result of the proceeding would have been different.

4

A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland v. Washington*, 467 U.S. 1267, 2068 (1984). Petitioner has failed to meet his burden.

In his objections, Petitioner maintains that his "PCR counsel[']s decision [not to] raise [the four claims listed in Ground Five of Petitioner's Amended Petition] during the PCR hearing was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on his claims of ineffective assistance of trial counsel as it relates to Ground Five." Objections 6. The Court is wholly convinced by Petitioner's conclusory arguments. As such, it will also overrule this objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Respondent's Motion for Summary Judgment is **GRANTED** and Petitioner's Amended Petition is **DISMISSED WITH PREJUDICE**.

To the extent that Petitioner requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 18th day of November, 2015, in Columbia, South Carolina.

s/ Mary Geiger Lewis

MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.